IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Perry Drake Gilmore,<br><br>               Plaintiff,<br>vs.<br><br>Lieutenant Grealin Frasier; Lieutenant Jones; Silva; Gilyard; Jenkins; Miller; Stirling; Jeanette Atchley; Tommy Robinson; Corporal Grant; Sergeant Hamilton; and Virginia Robinson,<br><br>               Defendants. | Civil Action No. 5:18-cv-202-CMC<br><br>**ORDER** |

      This matter is before the court on Plaintiff's Complaint filed January 25, 2018. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report") on dispositive issues.

      On April 23, 2019, the Magistrate Judge issued a Report recommending certain Defendants be dismissed without prejudice pursuant to Fed. R. Civ. P. 41. ECF No. 157. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. The Report was sent to the address identified by Plaintiff in his change of address notice dated January 30, 2019. ECF No. 140. On May 3, 2019, the mail was returned as undeliverable. ECF No. 161. The Magistrate Judge then entered another Report on May 6, 2019, recommending the action be dismissed in accordance with Rule 41(b), but noting if "Plaintiff notifies the court within the time set for filing objections to this Report and Recommendation that he wishes to continue with this case and provides a current address, the

Clerk is directed to vacate this Report and Recommendation and return the file to the undersigned for further handling." ECF No. 162. Although the copy of the Report mailed to Plaintiff has not been returned to the court, Plaintiff has not filed objections and the time for doing so has passed.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After a review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error and agrees with the Report's recommendation the Complaint should be dismissed. Accordingly, the court adopts the Report by reference in this Order. Plaintiff's complaint is hereby dismissed pursuant to Fed. R. Civ. P. 41(b). *See also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) ("The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders.").

**IT IS SO ORDERED.**

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
May 29, 2019